ELECTRICAL PRODUCTS CONSOLIDATED, Appellant, v.
NYSTROM, Respondent

(2 N. W.2d 195.)

(File No. 8432. Opinion filed February 9, 1942.)

**Bangs & Rudesill** and **James W. Bellamy,** all of Rapid City, for Appellant.

**H. F. Fellows,** of Rapid City, for Respondent.

WARREN, J. An action was brought for the recovery of money claimed due under a written contract for an electrical display sign. Issues were joined and upon trial the jury found in favor of the defendant permitting only a recovery due for the use of the sign before the defendant claimed to have elected to terminate the contract. A motion for new trial was made and denied. Plaintiff has appealed.

■ An examination of the facts and the contract show that the language used in said contract covering the terms between the parties employs the words, "owner" and "user". We believe the contract should be construed as a contract of hiring personal property as it has all the earmarks of such a contract when its terms are measured by SDC 38.0301, which reads: "Hiring is a contract by which one gives to another the temporary possession and use of personal property, other than money, for reward, and the latter agrees to return the same to the former at a future time."

It will be observed that the owner obligated itself to maintain and service the sign, including in such service, inspection, cleaning and repainting and all other necessary repairs. Under the terms of agreement the respondent user did not acquire any ownership in the property even though he faithfully paid the $26 per month during the life of the agreement for a period of thirty-six months. There is evidence in the record that after the sign had been used for eighteen months it had lost its advertising effectiveness due to the lack of cleaning and painting. The respondent in the fall of 1938 called the attention of the president of the Q.R.S. Company (owner) and of its assistant manager to such facts and they then promised the sign would be cleaned and repainted. Testimony was admitted that President Chamberlain was told that unless it was repainted the respondent was not going to make further lease payments. Promise was made that it would be taken care of and also upon the strength of promises that it would be cleaned and repainted, another two months' payment was made. The sign was not cleaned or repainted and several months thereafter, towit, on May 19, 1939, the respondent wrote a letter requesting the owner of the sign to remove it on account of the failure to clean and repaint. The sign was removed and possessed by appellant in January, 1940.

■ Having taken the view that this was a contract of hiring, the following statutory provisions must be considered in effecting the interpretation of this contract as to the rights of the parties:

"38.0308 Termination before end of term by hirer. The hirer of a thing may terminate the hiring before the end of the term agreed upon: (1) When the letter does not, within a reasonable time after request, fulfill his obligations, if any, as to placing and securing the hirer in the quiet possession of the thing hired, or putting it into a good condition or repairing. * * *

"38.0311 Payment of proportionate part of hiring. When the hiring of a thing is terminated before the time originally agreed upon, the hirer must pay the due proportion of the hire for such use as he has actually made of the thing unless such use is merely nominal and of no benefit to him."

■ The jury upon proper instructions given by the court passed upon the sufficiency of the evidence as to the reasonable time that had elapsed after the respondent requested that appellant fulfill its obligations by putting the sign which had been hired into good condition requesting that its advertising effectiveness and value might be again restored. 17 C. J. S., Contracts, § 629. The jury by its verdict found in favor of the respondent and we have no desire to disturb its verdict as there is sufficient evidence to sustain it. There is in our opinion sufficient evidence of neglect and the violation of the terms of the contract to sustain the hirer's right to terminate the hiring before the end of the term and the statutory provisions which we have quoted as applicable must prevail as enforcible rights in favor of the hirer, respondent.

■■ On May 2, 1939 the respondent in response to a letter of appellant suggesting certain color combinations for use in repainting the sign, wrote appellant as follows: "The no. 2 suggestion for repaint for our Neon sign of background to a maroon and a bright red and blue-green trim is O.K." Appellant contends that by this letter respondent waived any delay on appellant's part prior to the date of this letter. We cannot agree with this contention. Under the statute the obligation was upon the appellant to repaint the sign within a reasonable time after request.

Whether appellant met this obligation was a question to be determined from all the circumstances in the case including the letter of May 2.

It is urged by appellant that this particular contract is not subject to rescission for any cause after the original acceptance of the sign. It is claimed that there is no case law in point because of the novel features of the contract. We do not regard the contents of this contract so novel in form that it may be exempted from our statutory provisions.

We have assumed that electrical display signs are erected for the purpose of informing the public about business and to acquire more business for profit by virtue of said signs. We do not therefore believe that keeping these signs up to a reasonable state of effectiveness by servicing and maintaining them can be regarded as a minor matter. Therefore, in fairness to the user he was entitled to have this display sign in a good state of efficiency. The jury has passed upon the time element and also upon the state of repairs of the display sign. The verdict being sustained by the evidence, further comment would merely encumber this opinion.

Other errors assigned we do not believe are necessary for consideration. Some of the assigned errors were not excepted to, others become immaterial on account of the views that we have expressed.

The order and judgment appealed from are hereby affirmed.

RUDOLPH, P.J., and POLLEY, J., concur.

ROBERTS, J., concurs in result.

SMITH, J., dissents.